IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Case Nos. CR-99-89 |
| v. | : | CV-04-146 |
| | : | |
| MICHAEL WALKER, | : | |
| | : | (Judge McClure) |
| Defendant. | : | |

**O R D E R**

August 17, 2006

**BACKGROUND:**

On April 14, 1999, Michael Walker was initially indicted on federal drug possession with intent to distribute charges. A superseding indictment was returned on May 12, 1999, charging Walker, and others, with additional drug charges. On June 9, 1999, Walker and two co-defendants were charged in a second superseding indictment.

On December 3, 1999, Walker entered a guilty plea to the second superseding indictment. On July 6, 2000, the court granted Walker's motion to withdraw his first guilty plea, with which the government concurred, because of the Supreme Court's ruling in Apprendi v. New Jersey, 530 U.S. 466 (2000). (Rec. Doc. No. 205.)

On March 1, 2001, Walker again entered into a plea agreement. In keeping

1

with the second plea agreement, Walker pled guilty to count two of the second superseding indictment. Count two of the second superseding indictment charged Walker with possession with intent to distribute in excess of five (5) grams of crack cocaine on or about March 15, 1999, in violation of Title 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(iii) and Title 18 U.S.C. § 2.

On November 6, 2001, through his trial counsel Douglas B. Chester, Esquire, Walker moved the court to withdraw his guilty plea. (Rec. Doc. No. 328.) We denied that motion on December 10, 2001. (Rec. Doc. No. 343.) Next, Walker filed a pro se motion and supporting brief for reconsideration of our December 10, 2001 order (Rec. Doc. Nos. 352 & 357), which was denied on March 5, 2002. (Order, Rec. Doc. No. 365.)

On September 17, 2002, a sentencing hearing was held before this court. Walker was sentenced, as a career offender, to 262 months imprisonment, 4 years supervised release, and $100 special assessment.

On July 11, 2003, the United States Court of Appeals for the Third Circuit affirmed Walker's conviction and sentence. United States v. Walker, 69 F.App'x 546 (3d Cir. 2003).

On January 24, 2004, Walker filed pro se his first motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence. Then, on July 6, 2004, Walker

filed a "supplemental motion under 28 U.S.C. § 2255" seeking to amend his motion to include a <u>Blakely</u> claim. On December 16, 2004, we directed the government to obtain and file an affidavit from Walker's trial counsel Douglas B. Chester, Esquire, that would address allegations made by Walker in his § 2255 motion. On February 7, 2005, we again directed the government to obtain and file an affidavit from Douglas B. Chester, Esquire. We received that affidavit on February 22, 2005. On March 7, 2005, Walker filed a second supplemental motion seeking to amend his motion to include a <u>Booker</u> claim.

By order dated May 17, 2005 we denied all of Walker's claims in his section 2255 motion except for his claim that he received ineffective assistance from his attorney regarding advice to plead guilty. In that order we ordered a hearing on that single issue.

After a series of delays and continuances, on May 15, 2006 a hearing was held. Both parties have fully briefed the matter and it is now ripe for our decision. For the following reasons we will deny Walker's motion for collateral relief.

**DISCUSSION:**

### I. WALKER'S STATEMENTS ARE NOT CREDIBLE

In our May 17, 2005 order we previously summarized the only remaining claim in Walker's § 2255 motion as follows: By pleading guilty at trial, Walker

waived his right to challenge his conviction on any non-jurisdictional grounds other than the voluntariness of the plea. United States v. Broce, 488 U.S. 563, 569 (1989). Thus, the court will limit its ineffective assistance of counsel review to claims addressing advice given to Walker prior to the entry of his guilty plea, *i.e.,* his claim that trial counsel advised Walker "we can always take back our plea." (Rec. Doc. No. 408, Ex. 1, at 10.) At this time we must consider whether Walker's counsel was ineffective in advising defendant about entering his plea of guilty, and whether the plea was knowing and voluntary.

The two-prong Strickland ineffectiveness standard applies to post-conviction challenges of guilty pleas. Hill v. Lockhart, 474 U.S. 52, 57 (1985). The defendant must demonstrate (1) that counsel's performance was objectively unreasonable and (2) that counsel's deficient performance prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687-688 (1984). In order for a defendant challenging a guilty plea on ineffectiveness grounds to establish prejudice, he must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

Walker claims that it was counsel's "unprofessional advice . . . that made him (petitioner) accept the second plea." (Mot. Vacate, Rec. Doc. No. 408, ex. 1,

at 8.) Walker asserts that his attorney, Douglas B. Chester, Esquire, informed him that "we can always take back our plea." (Rec. Doc. No. 408, Ex. 1, at 10.)

At the time of Walker's guilty plea the law governing the withdrawal of guilty pleas was found in Federal Rule of Criminal Procedure 32(e). That rule was similar in language to the Rule now found at Federal Rule of Criminal Procedure 11(d). Rule 11(d)(2)(B) provides that a defendant may withdraw a guilty plea before the court imposes a sentence if "the defendant can show a fair and just reason for requesting the withdrawal." The United States Court of Appeals has held that "[o]nce a court accepts a defendant's guilty plea, the defendant is not entitled to withdraw that plea simply at his whim." United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2003).

Our May 15, 2006 hearing focused on the conversations between Attorney Chester and Walker during the March 1, 2001 guilty plea hearing. Walker testified that Chester told him "we can always take the plea back and go to trial so we could buy time." (Tr. 5/15/06, Rec. Doc. No. 491, at 13.) He repeated this point throughout his testimony. (See Rec. Doc. No. 491, at 12 & 19.) Chester conceded that they discussed withdrawal of his guilty plea but denied advising Walker that he could simply plead guilty to buy time and then withdraw his plea. (Rec. Doc. No. 491, at 40 & 44.)

Our decision today depends on a credibility determination between Walker and Chester. After having witnessed and evaluated the testimony we find Walker's recollection of what Chester told him to not be credible. We believe that Walker and Chester discussed withdrawing Walker's guilty plea at a later date. However, we do not find credible Walker's testimony that Chester told him that his plea could always be withdrawn or that this would be an easy way for him to buy time in preparing for trial. At this post-conviction stage Walker has every motivation to lie about what was said to him by his attorney and his recollection of the exchanges between himself and his counsel are not plausible. Chester is an experienced federal criminal defense attorney who knows that pleas cannot simply be automatically withdrawn, or used to buy time, and would not advise a client that a plea could be used in such a manner. We do not find that attorney Chester's advice was objectively unreasonable.

To the extent that Chester may have said something from which Walker inferred that he would be able to later automatically withdraw his plea, that advice was effectively negated by the court at the plea colloquy. It is possible that Chester may have possibly said something to Walker that Walker believed meant he would be able to later litigate the minimum quantity and character of the drugs presented in the case against him. However, even if Chester provided this advice, we are

satisfied that our thorough and extensive colloquy clarified any confusion on the matter.  (See Rec. Doc. No. 341, at 36-38.)  Walker stated that he understood that by pleading guilty he was accepting criminal responsibility for distribution of a minimum of five grams of crack cocaine.  (Rec. Doc. No. 341, at 38.)  We are not aware of any other reason why Walker would want to withdraw his guilty plea.  Our extensive colloquy demonstrates that any advice Chester may have previously given Walker regarding future litigation of the minimum quantity and character of the drugs for which he was accepting criminal responsibility did not prejudice him in such a manner that he would not have pled guilty and insisted on going to trial.  See Hill, 474 U.S. at 59.  Therefore, Walker cannot establish the second prong necessary to state a Strickland ineffective assistance claim, i.e., that he was prejudiced by the advice Chester provided him in connection with the guilty plea.  Furthermore, Walker stated that he understood that he would not be able to withdraw his guilty plea simply because he might later be dissatisfied with a sentence we imposed on him or because we decline to follow the recommendations of the parties.   (Rec. Doc. No. 341, at 43.)  Walker is not entitled to collateral relief.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Walker's motion to vacate under 28 U.S.C. § 2255, as supplemented, is denied. (Rec. Doc. No. 408, 434 and 449.)

2. There is no basis for the issuance of a certificate of appealability.

s/James F. McClure, Jr.<br>
James F. McClure, Jr.<br>
United States District Judge